PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. BROOKS, | ) | |
| | ) | CASE NO. 1:11CV0858 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| STATE OF OHIO, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

On April 29, 2011, Petitioner *pro se* William R. Brooks filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. *See* ECF No. 1. An Amended Petition (ECF No. 6) was filed on July 27, 2011. Petitioner seeks to challenge the following convictions in the Cuyahoga County, Ohio Court of Common Pleas: Drug Abuse (October 30, 1991), Receiving Stolen Property - Motor Vehicle (March 11, 1993), Attempted Trafficking in Drugs and Receiving Stolen Property - Motor Vehicle (May 31, 1995), and Possession of Drugs (January 5, 1998). All of these convictions were pursuant to guilty pleas.

The Amended Petition shows that direct appeals from Petitioner's convictions were dismissed *sua sponte* in 2009. Post-conviction motions, filed in 2010, were denied on the ground of *res judicata*. ECF No. 6 at 2-3. Brooks is currently incarcerated in a federal correctional institution on unrelated charges. For the reasons stated below, the Amended Petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United

(1:11CV0858)

States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

As grounds for relief, Brooks asserts that the State of Ohio improperly invoked its *res judicata* rule. *See* ECF No. 6 at 4. Without regard to the merits of this ground, there is no indication on the face of the petition that Brooks seeks to raise an issue over which this Court has jurisdiction, as he does not set forth any facts reasonably suggesting he is "in custody" for purposes of seeking federal habeas relief.[1] As already noted, being in custody is a statutory prerequisite for obtaining such relief. *See also*, *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (petitioner may not challenge conviction from which he suffers no present restraint). Therefore, the Court concludes that Petitioner is not "in custody" and cannot invoke this court's habeas corpus jurisdiction to review the above-referenced state court convictions.

Accordingly, the Amended Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

|  August 5, 2011  |  */s/ Benita Y. Pearson*  |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

[1] The Amended Petition reflects that Brooks received sentences aggregating three and a half years, plus three years probation. The last sentence imposed for the offenses involved was in 1998. *See* ECF No. 6 at 1.

2